UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD CALLAWAY,<br>Plaintiff,<br>v.<br>CINDY WOLFE,<br>Defendant. | NO: 2:15-CV-0123-TOR<br><br>ORDER RE: DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's 12(b) Motion to Dismiss (ECF No. 7). This matter was heard without oral argument. Plaintiff Ronald Callaway is proceeding *pro se* and *in forma pauperis*. Defendant Cindy Wolfe is proceeding *pro se*. The Court has reviewed the relevant pleadings[1] and supporting materials, and is fully informed.

[1] Plaintiff did not file a memorandum in opposition to this motion, but the Court declines to construe such neglect as consent to the entry of an order adverse to him. *See Heinemann v. Satterberg*, 731 F.3d 914 (9th Cir. 2013).

## BACKGROUND

Plaintiff Ronald Callaway filed a Complaint on May 5, 2015 (ECF No. 4), against Defendant Cindy Wolfe, the property manager of Plaintiff's former apartment complex. Plaintiff's Complaint alleges Defendant evicted him from his apartment in retaliation for filing a complaint with the Washington State Human Rights Commission. On August 10, 2015, Defendant filed a motion to dismiss. ECF No. 7. Plaintiff has not filed a response.

## FACTS

The following facts are drawn principally from Plaintiff's complaint, as well as the materials incorporated by reference and attached for this Court's review by Defendant[2], and are accepted as true for purposes of the instant motion. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007).

Plaintiff was a tenant at 7 Oaks apartment complex ("7 Oaks") for nearly a decade. ECF No. 9 (Defendant's SOF) at 7. The Defendant was the property

---

[2] When ruling on a 12(b)(6) motion, under the doctrine of "incorporation by reference," a court may consider a document referenced in the complaint if its authenticity is not questioned. *See Marder v, Lopez,* 450 F.3d 445, 448 (9th Cir. 2006); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

manager of 7 Oaks. *Id.* On September 18, 2014, Plaintiff filed a complaint with the Washington State Human Rights Commission against the Defendant and the owner of 7 Oaks, Barbara Oberg, alleging race discrimination in rental housing. *Id.* In Plaintiff's Complaint to this Court, he alleged that he "overheard [Defendant] talk about getting Rid of Blacks and Drug Dealers." ECF No. 4 at 2.[3] Plaintiff also alleged that after Defendant "towed [Plaintiff's] car (wrongfully) and Lost it," "Refused to accept Rent Assistants (sic) from Snap & Veteran Service," and "ignored Request for Repairs." *Id.*

On January 22, 2015, the Human Rights Commission issued a finding of "No Reasonable Cause," meaning there was "not sufficient evidence to show that an unfair practice [] occurred" as defined by Washington state law. ECF No. 9 at 9. Subsequently, on February 2, 2015, Plaintiff received a "notice to terminate his tenancy," effective on February 28, 2015. *Id.* at 7. Plaintiff requested an extension of his tenancy through March 31, 2015, and permanently vacated 7 Oaks on April 8, 2015. *Id.* at 8.

---

[3] Plaintiff does not identify the "manager" as Defendant in the body of his Complaint. ECF No. 4. He does, however, identify Defendant as "manager" in his proposed summons. ECF No. 1-2.

On March 13, 2015, Plaintiff filed a second complaint with the Human Rights Commission against Defendant and Barbara Oberg. *Id.* at 7. The second complaint, referencing Plaintiff's eviction, alleged discriminatory retaliation for having filed the original complaint. *Id.* at 7. On April 24, 2015, the Commission issued a response again finding "No Reasonable Cause." *Id.*

In his Complaint to this Court, Plaintiff stated he "was advised be Department of Housing and Human Rights Commission to come to this court for help." ECF No. 4 at 2. Plaintiff noted he filed a complaint with the Commission, and claimed he was subsequently evicted in retaliation. *Id.* Plaintiff requested monetary damages for the loss of his car and his deposit as well as punitive damages. *Id.*

Defendant now moves to dismiss for failure to state a claim, for failure to join a party, or in the alternative for summary judgment. ECF No. 7.

## DISCUSSION

Defendant's motion requests the Court to either dismiss the complaint or, alternatively, grant summary judgment in Defendant's favor. *Id*. Defendant attached the "Notice of Commission Action and Investigative Findings," by the Human Rights Commission, referenced in Plaintiff's complaint, to her Statement

of Facts. ECF No. 9 at 6-9.[4] Although the Court's review on a 12(b)(6) motion to dismiss is generally limited to the contents of the complaint, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Accordingly, the Court will consider the document incorporated by reference and attached for review by Defendant, and treat Defendant's motion as one for dismissal.

**A. Defendant's Motion to Dismiss for Failure to State a Claim**

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to

---

[4] The Court does not consider the attached photos in its determination of the motion. Unlike the Human Right's Commission document, the photos are not referenced in the plaintiff's complaint nor is there any explanation for them at this stage of the proceeding.

relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

Here, Plaintiff claims discriminatory retaliation for or interference with the exercise or enjoyment of rental housing, and thus, must demonstrate a prima facie case that "(1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Walker v. City of Lakewood*, 272 F.3d 1114, 1128, 1129 (9th Cir. 2001) ("[I]nterference, in particular, has been broadly applied to reach all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws." (internal quotation marks omitted)); *see also* 42 U.S.C. §§ 3604, 3617. The burden then shifts to the defendant to establish a legitimate, nondiscriminatory reason for the adverse action. *Walker*, 272 F.3d at 1128. "If the defendant articulates such a reason, the plaintiff bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive." *Id.*

Defendant argues Plaintiff's Complaint contains insufficient facts and conclusory allegations, and consequently, fails to state a claim. *See* ECF No. 7 at

3-6. In support of her argument, Defendant contends "the allegations of discrimination and retaliation in this action are based upon the same facts as alleged in the [P]laintiff's previous two complaints with the Washington State Human Rights Commission," and the Commission found the "termination of [Plaintiff's] tenancy was based upon legitimate reasons." *Id*. at 4. Defendant is correct to continue on and state "the final actions by the Human Rights Commission are no bar to [Plaintiff's] claims in this Court." *Id.* For that reason, the fact that Plaintiff's complaints were not accepted by the Human Rights Commission has no bearing on the Court's determination whether Plaintiff's Complaint satisfies Rule 8(a)(2).

The Court finds Plaintiff's Complaint contains sufficient facts to state a claim to relief. Plaintiff alleges that Defendant talked about "getting Rid of Blacks," that Plaintiff's car was then towed without cause, and that he was evicted after filing a complaint with the Human Rights Commission. ECF No. 4 at 2. Drawing all reasonable inferences in Plaintiff's favor, as pled, Plaintiff's Complaint contains sufficient facts to establish a plausible prima facie case of claims for (1) interference with Plaintiff's right to the enjoyment of his housing (in the form of the alleged discriminatory towing of his car) and (2) retaliation for filing the Human Rights Commission complaint (in the form of his subsequent eviction). Thus, the Court concludes Plaintiff's Complaint contains enough facts

for the Court to reasonably infer Defendant is liable for the misconduct alleged, *see Iqbal*, 556 U.S. at 678, and satisfies Rule 8(a)(2). Accordingly, Defendant's motion to dismiss for failure to state a claim is denied.

**B. Defendant's Motion to Dismiss for Failure to Join a Necessary Party**

Defendant moves to dismiss Plaintiff's claim for failure to join a necessary party pursuant to Federal Rule of Civil Procedure 12(b)(7). Defendant contends that Barbara Oberg, the owner of 7 Oaks, is a necessary party because the Court cannot award complete relief if Ms. Oberg is not joined. ECF No. 7 at 8.

Joinder of parties is governed by Federal Rule of Civil Procedure 19. The rule provides, in relevant part, that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if[,] in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). This factor "is concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship and Training Comm.*, 662 F.2d 534, 537, (9th Cir. 1981). The relevant question for purposes of determining whether "complete relief" can be afforded is "whether success in the litigation can afford the plaintiff[] the relief *for which [he or she has] prayed*." *Yellowstone Cnty. v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996) (emphasis in original) (quotation and

citation omitted).

Here, as to the existing parties, it is possible for the Court to afford Plaintiff the complete relief for which he has prayed. Plaintiff sued Defendant for interference with the enjoyment of his housing and for retaliation for filing the Human Rights Commission complaint. According to Defendant, since Plaintiff "believes that the termination of his tenancy was motivated by racial discrimination … it seems necessary to evaluate the owner's intent with respect to the termination of [Plaintiff's] tenancy." *Id.* at 10. However, this lawsuit between Plaintiff and Defendant is capable of allowing Plaintiff to get complete relief for what he seeks: monetary damages for the loss of his car and his deposit as well as punitive damages. Evaluation of the owner's motive or conduct is not necessary for Plaintiff to obtain complete relief.

Defendant also argues that the principles of *respondeat superior* apply, and thus, "this Court must apply vicarious liability of the owner/employer to Plaintiff's claims of discrimination and retaliation." *Id.* at 7-8. The Fair Housing Act "focuses on prohibited acts." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). "In relevant part the Act forbids *any person* or other entity whose business includes engaging in residential real estate-related transactions to discriminate, for example, because of race." *Id.* (citing 42 U.S.C. § 3605(a)) (internal quotation omitted; italics added). In the Fair Housing Act context, traditional agency principles apply,

and a finding of vicarious liability can hold an employer liable for an employee's violation of the Act. *Id.* at 286-88. Here, Plaintiff could have also sued Ms. Oberg under a theory of vicarious liability, but this does not make joinder of Ms. Oberg necessary. The principles of *respondeat superior* do not support Defendant's argument to dismiss for failure to join a party.

Furthermore, "[a] plaintiff ordinarily is free to decide who shall be parties to his lawsuit." *Simpson v. Alaska State Comm'n for Human Rights*, 608 F.2d 1171, 1174 (9th Cir. 1979). Plaintiff may have any number of reasons for not wanting to sue Ms. Oberg. It is not the place of this Court, nor the Defendant, to force Plaintiff to include Ms. Orberg where he only seeks relief for Defendant's conduct.

**IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, For Failure to Join a Party, or in the Alternative for Summary Judgment (ECF No. 7) is **DENIED.**

The District Court Executive is directed to enter this order and forward a copy to each of the parties.

**DATED** October 5, 2015.




THOMAS O. RICE
United States District Judge